UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID W. BATHKE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF OCEAN SHORES,<br><br>　　　　　　　Defendant. | CASE NO. C19-5338 BHS<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING AND RENOTING MOTION |

This matter comes before the Court on Defendant City of Ocean Shores's ("City") motion to dismiss pendant state law claim. Dkt. 65.

On August 19, 2020, the Court granted the City's motion for summary judgment in part, dismissed Plaintiff David Bathke's ("Bathke") only federal claim, informed the parties that it was unlikely that the Court would hold an in-person civil jury trial on the trial date of November 3, 2020, and questioned whether it should decline supplemental jurisdiction if the trial date would be reset for mid- to late-2021. Dkt. 64. On August 26, 2020, the City's counsel wrote Bathke's counsel as follows: "we agree that a bench trial before Judge Settle is preferable to a remand to state court which would basically put us

ORDER - 1

1  back to ground zero." Dkt. 67-2 at 2.  Bathke's counsel responded and agreed to the
2  bench trial.  Dkt. 67-1 at 2.

3      On September 3, 2020, the City filed the instant motion requesting dismissal of the
4  remaining state law claim.  Dkt. 65.  The City's motion was based on the argument that
5  consolidation with Bathke's state law claim against Ocean Shores' Fire Captain Corey
6  Kuhl in Grays Harbor County Superior Court.  *Id.* at 4 ("it is impractical and contrary to
7  notions of judicial economy to have these matters heard separately.").  On September 18,
8  2020, Bathke responded and opposed the motion arguing that it would be unjust to
9  dismiss the claim this close to trial.  Dkt. 67.  Bathke also questioned the City's motives
10 stating that "it is patently unfair to allow the defendant to rescind [the bench trial]
11 agreement for what appears to be nothing more than a strategy to force Bathke into an
12 unfair settlement or to improperly forum shop."  *Id.* at 5.  On September 22, 2020, the
13 City replied and for the first time raised the issue of the Court declining to exercise
14 supplemental jurisdiction independent from the consolidation issue.  Dkt. 68 at 4. The
15 City also improperly filed a supplemental declaration in support of its reply, Dkt. 69.
16 *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996) ("[W]here new evidence
17 is presented in a reply to a motion for summary judgment, the district court should not
18 consider the new evidence without giving the non-movant an opportunity to respond.").

19     On September 25, 2020, the Court struck the November 3, 2020, trial date because
20 it was highly unlikely that civil jury trials would be held this year and the Court's
21 calendar was filled with criminal trials.  Dkt. 71.  On October 13, 2020, the Court
22 informally contacted counsel informing them that the Court's November 3rd and 10th

trial calendar had recently opened and asking them whether they would be available for either a remote or bench trial on either of those dates. Bathke's counsel responded that he is available, but the City's counsel stated that she was unavailable.

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The district court should "consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant state law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, the issue of declining supplemental jurisdiction is a close question. The City's initial argument that dismissal is appropriate for consolidation with Bathke's other claim is state court is unavailing and not supported by relevant authority. Thus, the motion could be easily denied. The City, however, raised the issue of declining supplemental jurisdiction based on the facts and procedural state of this case in its reply. Because this is an issue that the Court raised in the order on summary judgment and may raise *sua sponte*, the Court finds that Bathke should be allowed an opportunity to adequately respond and the parties may also address the new procedural posture of this matter. Therefore, the Court requests supplemental briefing and renotes the City's motion.

Regarding the supplemental briefing, the Court will briefly address a few points. First, the City relies on *Abel v. City of Algona*, 07-956BHS, 2008 WL 4619813 (W.D. Wash. Oct. 16, 2008) where the Court remanded a matter to state court two weeks before trial. *Abel* is easily distinguishable because the plaintiffs originally filed the complaint in state court and "filed a brief indicating that they do not oppose remanding this case to state court." *Id.* at *1. Here, Bathke chose this forum and opposes dismissal to refile his claim in state court.

Second, Bathke provides a compelling reason for unfairness based on the City's recent actions. The City initially agreed to a bench trial before this Court in order to avoid returning "to ground zero" in state court only to change course and file this motion seeking that return.

Third, although the parties have not filed pretrial briefs, this is a matter of at most moderate complexity amenable to remote proceedings. Because the issues have been narrowed to whether the City had just cause to terminate Bathke, the factfinder will be presented with the question of liability and if there was not just cause for the termination, the amount of damages. The possibility of bifurcating liability and damages also exists to potentially limit the amount of testimony in a remote proceeding.

Finally, the global pandemic alters the factor of convenience. Grays Harbor Superior Court has concluded that no civil jury trials will commence in 2020.[1] This

---

[1] Letter from the Superior Court of Washington, Grays Harbor County (June 11, 2020), available at http://www.co.grays-harbor.wa.us/Letter%20-Schedule%20for%20Court%20Operations%20Effective%20June%2029,%202020.pdf.

1  Court has open trial dates next month and possibly in December depending on the

2  criminal calendar.  Thus, it seems more convenient to resolve this matter here as opposed

3  to state court.

4        Therefore, the Court requests supplemental briefing on the issues set forth herein.

5  Bathke may file a supplemental response no later than October 20, 2020, the City may

6  file a supplemental reply no later than October 23, 2020, and the Clerk shall renote the

7  City's motion, Dkt. 65, for consideration on the Court's October 23, 2020 calendar.

8  **IT IS SO ORDERED**.

9  Dated this 15th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge